THE ORD FIRM, P.C.
James K. Ord, III (USB 14007)
PO Box 16266
Salt Lake City, UT 84116
Telephone: (435)-214-1433
Email: james@UtahADALaw.com
Attorney for Plaintiff

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| Trevor Kelley,<br><br>      Plaintiff,<br><br>            v.<br><br>Seagull Book & Tape, Inc.,<br>d.b.a. Seagull Book,<br><br>      Defendant. | **COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>Civil No.: |

Plaintiff, Trevor Kelley, by and through his attorney, hereby alleges, complains, and seeks his attorneys' fees as follows:

### NATURE OF CASE

1. This civil Action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §-12101 *et. seq*., and its implementing regulations (the, "ADA") for declaratory judgment, injunctive relief, attorneys' fees and costs.

### PARTIES

2. Plaintiff, Trevor Kelley, is a natural person who resides in West Valley, UT. Plaintiff has a disability which substantially limits major life activities. Plaintiff requires the use of a wheelchair.

3. Defendant owns and/or operates a Place of Public Accommodation ("PPA") as that term is defined in 42 U.S.C. § 12181(7) located at 5794 South Redwood Rd, Taylorsville, UT 84123.

4. Upon information and belief, Defendant's PPA was designed and constructed for first occupancy after January 26, 1993 or altered in a way that affects or could affect the usability of the building or facility or any part thereof by Plaintiff.

5. On the date of the visit to Defendant's PPA, Plaintiff was a resident of the State of Utah.

6. Plaintiff travels throughout Utah including, in particular, the communities in and surrounding Salt Lake City, Utah.

## JURISDICTION AND VENUE

7. This Action arises from a violation of ADA Title III regulations. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331,1343 and 42 U.S.C. § 12188.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## STANDING

9. Plaintiff seeks both retrospective declaratory relief (that Defendant has violated and continues to violate Title III of the ADA) and prospective injunctive relief all as more fully stated below.

10. Plaintiff has a disability which substantially limits major life activities. Plaintiff requires the use of a wheelchair. At the time of Plaintiff's visit to Defendant's PPA, Plaintiff qualified for and required reasonable accommodations to access and use the PPA.

11. Plaintiff personally visited Defendant's PPA, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods and amenities.

12. Plaintiff is a customer of Defendant and visited Defendant's PPA on or about February 1, 2017 to enjoy the goods and services offered at the PPA. Defendant offers goods and services at its PPA without restriction to members of the public who do not suffer from a physical disability.

13. Plaintiff will avail himself of the goods and services offered at the PPA in the future provided that Defendant modify the PPA to accommodate individuals with disabilities.

14. Completely independent of Plaintiff's personal desire to access the PPA, Plaintiff also acted as a tester for purposes of discovering, encountering, and engaging discrimination against persons with disabilities at Defendant's PPA. Plaintiff intends to visit the PPA regularly to verify compliance or non-compliance with the ADA. In the instances referenced herein, Plaintiff, in his individual capacity and as a tester; visited the Premises; encountered barriers to access at the PPA; engaged and tested those barriers; and suffered legal harm and legal injury and he will continue to suffer harm and injury as a result of the illegal barriers to access and the violations of Defendant set forth herein. Without judicial intervention, Plaintiff will suffer a real and imminent threat of encountering Defendant's accessibility barriers in the near future.

15. With respect to prospective relief, Plaintiff alleges that Plaintiff is suffering a continuing injury or is under a real and immediate threat of being injured in the future all as more fully developed below.

16. Plaintiff avers that Plaintiff intends to visit Defendant's PPA several times per year in the near future, but is deterred from doing so while Defendant's PPA violates the ADA as detailed below.

17. Plaintiff further avers that Plaintiff is deterred from visiting the Defendant's PPA due to the accessibility barriers at Defendant's PPA as detailed below.

18. Plaintiff further avers that any voluntary cessation of Defendant's non-compliance with the ADA may be readily reversed by the reinstatement of the barriers to individuals with disabilities. Therefore, injunctive relief should be issued irrespective of Defendant's potential voluntary cessation.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

19. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

20. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

21. ADA Title III Regulations prohibit discrimination in the activities of places of public accommodation ("PPAs") and requires PPAs to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. §§ 12181-89, 36 C.F.R. part 1191.

22. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 C.F.R Part 36.

23. Appendix A of the 1991 ADA Title III Regulations (republished as appendices B and D to 36 C.F.R. part 1191, and 28 C.F.R. part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

24. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local governmental entities, as well as individuals with disabilities.

25. In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise its ADA and ABA Accessibility Guidelines.

26. The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

27. On September 30, 2004, the DOJ issued an advanced notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

28. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

29. The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements contained in Appendices B and D to 36 C.F.R. part 1191, and subpart D of 28 C.F.R. part 36.

30. 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

31. The ADA also provides a private right of action for preventative relief, including an application for a permanent or temporary injunction or restraining order for "any person who

is being subjected to discrimination on the basis of disability in violation of Title III." 28 C.F.R. § 36.501.

32. The duty of compliance with the ADA is not delegable.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

33. On or about February 1, 2017, Plaintiff visited Defendant's PPA.

34. Plaintiff was prevented from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's PPA due to Defendant's violation of the ADA and its accompanying Accessibility Guidelines and is discriminating against Plaintiff as a result of specific violations including but not limited to the following:

   a. Failure to provide an unobstructed high forward reach to the towel dispenser no greater than 48 inches (1220 mm) above the ground as required by 36 C.F.R Part 1191 Appendix D, Guideline 308.2.1 et seq. because Plaintiff suffers hardship when a paper towel dispenser is too high to reach from his wheelchair;

   b. Failure to provide a parking space identified with a sign that includes the International Symbol of Accessibility as required by 36 C.F.R Part 1191, Appendix D, Guideline 703.7.2.1 because Plaintiff suffers hardship when he is not able to utilize signage to recognize which parking spaces are accessible to park in and when the lack of signage fails to discourage parking by patrons without disabilities;

   c. Failure to provide accessible parking space identification signs 60 inches (1525 mm) above the finish floor or ground surface as required by 36 C.F.R Part 1191, Appendix D, Guideline 502.6 because Plaintiff suffers hardship when he is not able

    to see signage, recognize where the accessible parking spaces are located, or when the lack of signage fails to discourage parking by patrons without disabilities;

  d. Failure to provide signs containing the designation "van accessible" that identify van parking spaces as required by 36 C.F.R Part 1191, Appendix D, Guideline 502.6 because Plaintiff suffers hardship when he is not able to see signage and recognize where the van accessible spaces are located within a parking lot;

  e. Failure to provide toilet flush controls on the open side of the water closet as required by 36 C.F.R Part 1191, Appendix D, Guideline 604.6 because Plaintiff suffers hardship when he cannot reach or must dangerously maneuver to reach across a toilet to reach the flush control;

  f. Failure to insulate or otherwise configure water supply and drain pipes under sinks to protect against contact as required by 36 C.F.R 1191, Appendix D, Guideline 606.5 because Plaintiff suffers hardship when his body comes into contact with uninsulated pipes under a sink.

35. In addition to the precise difficulties experienced by Plaintiff on the date he attempted to access Defendant's PPA, under the ADA, the existence of architectural barriers alone, when removal is readily achievable, constitutes discrimination. 42 U.S.C. § 12181(2)(A).

36. Having been deterred from equal enjoyment of Defendant's PPA, Plaintiff has not conducted a complete review of Defendant's PPA; however, Plaintiff shall seek to amend the Complaint to allege additional ADA violations upon the completion of discovery and disclosure process. Since most barriers involve measurement of inches or degrees, to identify all architectural barriers requires a person to have unfettered access to a property with tools such as a tape

measure, inclinator, and note pad. Plaintiff therefore, requires an on-site inspection including the entry on Defendant's PPA to gather additional evidence pursuant to Rule 34 of the Federal Rules of Civil Procedure to provide a comprehensive list of all barriers which existed on or before the date of this Complaint.

37. Defendant has discriminated against Plaintiff and others in that it has failed to make its PPA fully accessible to, and independently usable by, individuals who are disabled in violation of the ADA.

38. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its PPA fully accessible to, and independently usable by, individuals who are disabled.

39. Defendant's conduct is ongoing. Plaintiff invokes the statutory right to declaratory and injunctive relief, as well as costs, expenses and attorneys' fees. *See* 28 U.S.C. §§ 2201, 2202, 28 C.F.R. 36.501.

## COUNT ONE: VIOLATION OF TITLE III OF ADA

40. Plaintiff adopts and re-alleges the allegations stated in the preceding paragraphs as fully stated herein.

41. 42 U.S.C. § 12182(a) prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or lease to); or operates a place of public accommodation."

42. 42 U.S.C. § 12188(a) provides for a private cause of action against such discrimination.

43. The mobility impairment at issue constitutes a disability under 42 U.S.C. § 12102.

44. Plaintiff was prevented from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's PPA due to Defendant's violation of the ADA and Defendant's architectural barriers at its PPA constitute discrimination against Plaintiff.

45. Removal of the Defendant's architectural barriers is readily achievable, or Defendant may make their facilities available through alternative methods that are readily achievable.

46. Defendant was required to make the PPA accessible to persons with disabilities. As of the dates discussed herein, Defendant has failed to comply with the mandates of the ADA.

47. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's request for injunctive relief including an order to alter the PPA to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the PPA until the requisite modifications are completed.

## **RELIEF**

48. With respect to prospective relief, Plaintiff alleges that Plaintiff is suffering a continuing injury or is under a real and immediate threat of being injured in the future all as more fully developed below.

49. Plaintiff avers that Plaintiff intends to visit Defendant's PPA several times per year in the near future, but is deterred from doing so while Defendant's PPA violates the ADA as detailed below.

50. Plaintiff further avers that Plaintiff is deterred from visiting the Defendant's PPA due to the accessibility barriers at Defendant's PPA as detailed below.

51. Plaintiff further avers that any voluntary cessation of Defendant's non-compliance with the ADA may be readily reversed by the reinstatement of the barriers to individuals with

disabilities. Therefore, injunctive relief should be issued irrespective of Defendant's potential voluntary cessation.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A. A declaration that Plaintiff has a federally protected right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's PPA, whether alleged in this Complaint or subsequently discovered; and

B. A declaration that at the commencement of this Action Defendant was in violation of the specific requirements of the ADA described above; and

C. Irrespective of Defendant's "voluntary cessation," if applicable, a preliminary and permanent injunction requiring Defendant to remove all barriers so that Plaintiff shall have the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's PPA; and

D. An Order requiring Defendant to alter its PPA that is the subject of this Complaint to make the PPA accessible to and usable by individuals with disabilities to the full extent required by the ADA; and

E. An award of attorneys' fees, including litigation expenses, and costs, pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

**RESPECTFULLY SUBMITTED** this June 29, 2017.

<u>/s/ James K. Ord, III</u>
**JAMES K. ORD, III**
(USB 14007)
PO Box 16266
Salt Lake City, UT 84116
Telephone: (435)-214-1433
Email: james@UtahADALaw.com
Attorney for Plaintiff