IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TREVOR KELLEY,<br><br>                Plaintiff,<br>v.<br><br>SEAGULL BOOK & TAPE, INC., d.b.a. SEAGULL BOOK,<br><br>                Defendant. | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Case No. 2:17-CV-717<br><br>District Judge Jill N. Parrish |

Before the court is Defendant Seagull Book's Rule 12(b)(1) motion to dismiss, filed September 8, 2017 (ECF No. 14). On November 2, 2017, the court converted that motion to a motion for summary judgment under Rule 56. *See* ECF No. 22. The court ordered Seagull Book to file a supplemental memorandum with evidence supporting its mootness claim by November 11, 2017. Plaintiff Trevor Kelley's response was due on December 15, 2017. And Seagull Book's reply was due on December 22, 2017.

On November 14, 2017, Seagull Book timely filed its supplemental memorandum (ECF No. 23). Minutes before midnight on December 15, 2017, Mr. Kelley filed what he called an "Unopposed Motion for Extension of Time to Respond to Defendant's Supplemental Memorandum" (ECF No. 25). Without explaining why he required additional time or providing any evidence that the motion was, in fact, unopposed, Mr. Kelley asked the court for three more days to file his response. Magistrate Judge Warner granted that motion on December 18, 2017.

Just before midnight on the same day, Mr. Kelley filed his supplemental response (ECF No. 27).[1] On December 21, 2017, Seagull Book filed its reply (ECF No. 28).

For the reasons below, the court grants Seagull Book's converted motion and dismisses his remaining claims without prejudice.

## I. BACKGROUND

Mr. Kelley has severe mobility issues due to Arthrogryposis Multiplex Congenita. The condition results in limited or absent movement around small and large joints known as contractures. Mr. Kelley is unable to walk and relies on a wheelchair for mobility.

On June 29, 2017, Mr. Kelley filed a complaint against Seagull Book, alleging violations of the Americans with Disabilities Act of 1990 ("ADA").[2] Specifically, the complaint alleges that Seagull Book (1) failed to "provide an unobstructed high forward reach to the towel dispenser no greater than 48 inches (1220 mm) above the ground," (2) failed to "provide toilet flush controls on the open side of the water closet," and (3) failed to "insulate or otherwise configure water supply and drain pipes under sinks to protect against contact." ECF No. 2 at 6–7.[3]

Seagull Book asks the court to dismiss Plaintiff's claims because it has remediated all alleged violations, rendering them moot and depriving the court of subject-matter jurisdiction.

---

[1] Despite receiving an extension of time, Mr. Kelley's memorandum did not comply with the court's standing order in civil cases. Mr. Kelley also did not respond to Seagull Book's statement of undisputed material facts or list undisputed material facts of his own.

[2] This is not Plaintiff's only lawsuit pending in this district. From the court's review, it appears that, from May 26, 2017 to August 28, 2017, Plaintiff brought 111 cases against Utah businesses, most alleging identical or nearly identical violations of the ADA.

[3] Mr. Kelley's complaint originally included six alleged violations of the ADA, but the court dismissed three of those in its Memorandum Decision and Order of November 2, 2017 (ECF No. 22).

## II.     LEGAL STANDARD

Seagull Book's motion alleges that Seagull Book has remediated the alleged violations of the ADA, rendering them moot, and therefore the court lacks subject-matter jurisdiction. Article III limits a federal court's jurisdiction to "cases and controversies." *See* U.S. Const. art. III, § 2, cl. 1. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal jurisdiction." *Disability Law Ctr. v. Milcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Utah Animal Rights Coal. v. Salt Lake City*, 371 F.3d 1248, 1256 (10th Cir. 2004). Consequently, once a controversy ceases to exist, "the action is moot and this court lacks jurisdiction to adjudicate the matter." *Wyoming v. Dept. of Interior*, 674 F.4d 1220, 1228 (10th Cir. 2012) (citing *United States v. Seminole Nation*, 321 F.3d 939, 943 (10th Cir. 2002)). When, as here, a party seeks only equitable relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Beattie v. United States*, 848 F.2d 1092, 1094 (10th Cir. 1991). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

## III.    ANALYSIS

### A.  SEAGULL BOOK HAS REMEDIED THE ALLEGED VIOLATIONS

Mr. Kelley's complaint contains three surviving allegations of ADA violations. Seagull Book argues that it investigated the allegations and made remedial changes where such were necessary. Specifically, Seagull Book avers that it has taken the following remedial actions:

1. It corrected the height of its bathroom towel dispenser.
2. It replaced the flush handle on the toilet with a more accessible one.

      3. It insulated the water supply and drain pipes under the bathroom sink.

*Id.*

As evidentiary support Seagull Book filed declarations from Jeff Wheeler, Managing Director of Retail Operations at Seagull Book. Attached to Mr. Wheeler's declarations are photos of the now-compliant toilets, towel dispensers, and sinks. *See* ECF No. 24. Mr. Wheeler testifies that the paper towel dispensers in the two bathrooms are affixed at heights of 42.5 inches and 46.75 inches above the floor. He further testifies that the flush controls for both bathrooms are now on the open side and that the water supply lines under the sinks are insulated. His testimony is supported by photographs taken by Mr. Wheeler. *Id.* In sum, Mr. Wheeler's declarations provide compelling evidence that Seagull Book has remediated the allegations regarding the toilet, the sink, and the towel dispenser.

Mr. Kelley does not dispute Mr. Wheeler's testimony or the authenticity of the photographs supporting it. Instead, Mr. Kelley filed a responsive memorandum asserting seven new allegations of ADA violations by Seagull Book. In support of these new allegations, Mr. Kelley submits exhibits including an "ADA inspection" of Seagull Book performed by an "expert" and photographs. However, Mr. Kelley does not even attempt to authenticate or provide foundation for his cited exhibits. The exhibits are not presented in an affidavit or declaration that complies with 28 U.S.C. § 1746. In short, instead of responding to Seagull Book's evidence, Mr. Kelley submitted unauthenticated, unfounded, and unrelated material. Furthermore, the photographs are largely unhelpful because they show only short segments of measuring tape held up against various unidentified surfaces and objects. Because the exhibits are unauthenticated and lack foundation, the court does not consider them for purposes of this motion. Even if the

court were to consider the exhibits, they do not bear on the operative complaint and are therefore not material to Seagull Book's motion for summary judgment.

After reviewing the evidence properly before the court, the court concludes that there is uncontroverted evidence that Seagull Book has remedied the three remaining ADA violations alleged in Mr. Kelley's complaint.

### B. ABSENT ADA VIOLATIONS, THE CASE IS MOOT

"Under Title III of the ADA, when a defendant fixes the alleged noncompliant feature, the case becomes moot." *Burningham v. TVI, Inc.*, No. 17-CV-363, 2017 WL 4857555, at *4 (D. Utah Oct. 25, 2017). "But the Defendant must show that 'the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).[4]

It is undisputed that Seagull Book has remedied the three remaining violations alleged in Mr. Kelley's complaint. Consequently, the operative question is whether the allegedly wrongful behavior could reasonably be expected to recur.

To demonstrate that allegedly discriminatory conduct is not reasonably expected to recur, Seagull Book must show that the changes it made are permanent in nature. *See Chambers v. Melmed*, 141 Fed. App'x 718, 720 (10th Cir. 2005) (holding that an ADA claim was moot

---

[4] Mr. Kelley argues that the court should adopt the Eleventh Circuit's analysis regarding the likelihood of recurrence outlined in *Sheely v. MRI Radiology Network, Inc.*, 505 F.3d 1173, 1188–89 (11th Cir. 2007). But *Sheely* is not controlling law in this circuit. Furthermore, *Sheely* is clearly distinguishable from the instant case. In *Sheely*, a blind woman brought suit under the ADA after she and her seeing-eye dog were denied entry to parts of the defendant's facility. The defendant moved to dismiss the claim as moot after indicating it would not revive the challenged practice. The Eleventh Circuit found that the defendant failed to meet its formidable burden of persuading the court the challenged conduct could not reasonably be expected to recur. But in *Sheely*, the challenged practice involved an unwritten policy—not structural barriers. Here, Seagull Book has made significant and permanent structural changes, and Mr. Kelley has produced no evidence or persuasive reasoning that would show Seagull Book is likely to undo its remedial efforts, defy the ADA requirements, and risk further litigation.

because the changes to correct the allegedly unlawful conduct were "permanent in nature and foreclose a reasonable chance of recurrence of the challenged conduct" (citation omitted)).

Here, Mr. Wheeler testified that the architectural repairs he effectuated "are permanent repairs." ECF No. 24 at 4. Further, as the Managing Director of Retail Operations, Mr. Wheeler has "no intent to reverse the modifications made." *Id.* Mr. Kelley does not dispute this. Instead, he merely asserts that Seagull Book has a "systematic practice of discriminating against individuals with disabilities" and the alleged violations will likely recur. ECF No. 27 at 3.

But there is no evidence supporting Mr. Kelley's assertion, and Seagull Book would in no way benefit from tearing out the permanent modifications it has made to its paper towel dispensers, toilets, and insulation. Moreover, it cannot reasonably be expected that Seagull Book would, in a moment of irrational spite against people with disabilities, relocate its paper towel dispensers, replace its toilets, and remove its insulation. Consequently, Mr. Kelley's claim is moot.

### C. AMENDING THE COMPLAINT

Mr. Kelley's supplemental response argues that "[t]he practical consideration would be to permit amendment of the Complaint to allege the recently discovered barriers affecting Plaintiff's disability." ECF No. 27 at 5. But Mr. Kelley has not filed a motion to amend his complaint. A passing reference in his supplemental response brief suggesting that he should be allowed to amend his complaint does not qualify as a motion for leave to amend. *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum."). Therefore, the court does not consider Mr. Kelley's allegations of additional ADA violations.

### D. NOMINAL DAMAGES

Finally, Mr. Kelley asserts that the court cannot dismiss this case because "there remains a claim for nominal damages." ECF No. 27 at 8. But Mr. Kelley's complaint does not assert a


claim for nominal damages. And even if it did, such a claim is not cognizable because plaintiffs in ADA cases are entitled solely to equitable relief. *See* 42 U.S.C. § 2000a-3.[5] Therefore, dismissal is proper.

## IV. ORDER

For the reasons above, the court GRANTS Seagull Book's converted motion for summary judgment. The court ORDERS that the action be dismissed without prejudice for lack of subject-matter jurisdiction.

Signed December 22, 2017

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[5] Mr. Kelley cites no Tenth Circuit authority holding that nominal damages are ever appropriate in ADA cases. Instead, he cites *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 874 (9th Cir. 2017), where the Ninth Circuit held that, in unique circumstances, "§ 12203 [of the ADA] authorizes courts to award nominal damages as equitable relief when complete justice requires." But § 12203 concerns prohibitions against retaliation and coercion. This is not a § 12203 case. Furthermore, district courts in the Ninth Circuit have refused to extend the *Bayer* holding beyond the § 12203 context. As an Arizona district court recently noted: "Here, all plaintiff did was file a cookie-cutter complaint against defendant identifying structural barrier, after which defendant promptly remedied the ADA violation at issue. Under such circumstances, plaintiff would not be entitled to nominal damages." *Brooke v. A-Ventures, LLC*, No. 2:17-CV-2868-HRH, 2017 WL 5624941, at * 5 (D. Ariz. Nov. 22, 2017).